FILED
2024 Dec-19  AM 08:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **DANA HATZIMICHAELS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.:** |
| | ) | |
| **MARK MOON, in his official** | ) | **JURY DEMANDED** |
| **capacity of Sheriff of Blount** | ) | |
| **County Alabama,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

Dana Hatzimichaels (hereinafter "Plaintiff"), by and through undersigned counsel, files this Complaint against Mark Moon, in his official capacity as Sheriff of Blount County, Alabama, (hereinafter "Defendant") and seeks redress for sex and age discrimination suffered in her capacity as an employee of Defendant. Defendant has discriminated against Plaintiff on account of her sex, and age in violation of Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, and any other causes of action that can be inferred from the facts set forth herein. In support of her Complaint, Plaintiff states as follows:

1

## PARTIES

1. Plaintiff is a resident of Jefferson County, Alabama and is over nineteen (19) years.

2. Plaintiff, for relevant times to this action, was an "employee" of Defendant as defined under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because this action arises under the laws of the United States, 42 U.S.C. § 12117(a) because the action arises under Title VII of the Civil Rights Act of 1964, as amended and the Age Discrimination in Employment Act of 1967, as amended.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because the unlawful acts took place within Blount County, Alabama, which lies within the Southern Division of the United States District Court for the Northern District of Alabama.

## COMPLAIANCE WITH JURISDICTIONAL REQUIREMENTS

5. Plaintiff has complied with the jurisdictional requirements on to wit: that on or about January 15, 2024, Plaintiff filed a Charge of Discrimination in employment with the Equal Employment Opportunity Commission (hereinafter "EEOC").

2

6. On September 19, 2024, the EEOC issued Plaintiff a Notification of a Right to Sue, and Plaintiff filed this Complaint within ninety (90) days of said Right to Sue. A copy of the notification is attached as "Exhibit A."

## GENERAL FACTS

7. Plaintiff is a female and over the age of forty (40), thereby a member of protected classes.

8. On or around June of 2018, Plaintiff began working for Defendant as an officer.

9. On or about February 2023, Plaintiff received a promotion and began working as a Training Lieutenant, where she was under the direct supervision of Captain Ron Adkins ("Adkins").

10. While under the direct supervision of Adkins, Plaintiff was subjected to discriminatory and hostile behavior by Adkins regarding her age and sex.

11. Due to the hostile work environment created by Adkins, Plaintiff's employment was constructively terminated by Defendant on or about September 16, 2023.

## COUNT I
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED, 42 U.S.C. § 2000E ET SEQ.

### (Hostile Work Environment – Sex Discrimination)

12. Plaintiff repeats and realleges all facts contained in paragraphs 1-11.

13. Plaintiff is a female and a member of a protected class.

14. Throughout Plaintiff's employment with Defendant under Adkins supervision, Adkins made multiple discriminatory comments to Plaintiff and other female employees.

15. Plaintiff was also treated less favorably than male co-employees in the same position.

16. Adkins, on numerous occasions, expressed his general disdain for females working under his supervision, stating that females should not be working in the field.

17. On or around 2022, Adkins referred to a female subordinate and co-employee of Plaintiff as a "bitch," and further commented that this female subordinate "seems to get like this a few days out of the month," negatively stereotyping female's changes in mood while on their menstrual cycle.

18. Adkins also called Plaintiff on her phone multiple times while she was not at work and made discriminatory comments towards her in a hostile and inebriated tone.

19. On or about April of 2023, Adkins called Plaintiff unprompted, which was a common occurrence, and berated Plaintiff by stating, "It would be better if you were younger and not female, but here we are."

4

20. The same month, Adkins called Plaintiff for a second time and commented on Plaintiff's height and tone of her voice while raising his voice and stated that she was "very tall," and that Plaintiff's voice "sounds like a man."

21. The Sheriff, Mark Moon ("Moon"), was present during much of Adkins' discriminatory and hostile behavior towards Plaintiff and other female employees.

22. Despite Moon's presence when Adkins made discriminatory comments towards Plaintiff and other female employees, no corrective action was taken by Moon to halt any further hostility by Adkins towards females.

23. Due to the inaction of Moon to eliminate the hostile work environment created by Adkins, Plaintiff resigned and therefore was constructively terminated from her employment with Defendant on September 16, 2023.

24. Defendant's conduct violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., because it engaged in the practice of a hostile work environment against Plaintiff.

25. Defendant's discriminatory actions towards Plaintiff violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended, were intentional, and done with malice and reckless disregard for Plaintiff's rights as guaranteed under the laws of the United States.

26. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer emotional distress, mental anguish, monetary damages and other damages.

## Count II
## VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967, 29 U.S.C.A. § 623 et seq.

### (Age Discrimination)

27. Plaintiff repeats and re-alleges all facts contained in paragraphs 1-11.

28. At all times relevant to this action, Plaintiff was over the age of forty (40).

29. While employed with Defendant and under the direct supervision of Adkins, Plaintiff was subjected to discriminatory comments regarding her age and was treated less favorably than her co-employees that were younger than her.

30. On or about February of 2023, Plaintiff sought to attend a Strategic Self-Defense and Gunfighting Tactics Training Course, which would have benefited Plaintiff's employment.

31. When Plaintiff expressed her desire to attend and incorporate the course to Adkins, Adkins responded "we [Defendant] can't send you [Plaintiff] to that school because your [Defendant's] body is too old."

32. Adkins confirmed that his denial of Plaintiff attending the training course was because of her age when he stated, "you [Plaintiff} could do that [go to the training course] if you were thirty years younger."

6

33. Furthermore, Plaintiff's younger co-employees, despite their lack of tenure and professionalism, would not be reprimanded for tardiness and insubordination, whereas Plaintiff was told on multiple occasions by Adkins that she was incapable of performing her job effectively as a consequence of her age.

34. Moon was present during much of Adkins' discriminatory comments toward Plaintiff regarding her age and took no corrective action to prevent any further discrimination toward Plaintiff.

35. Due to the inaction of Moon to eliminate the discriminatory behavior toward Plaintiff by Adkins, Plaintiff resigned and therefore was constructively terminated from her employment with Defendant on September 16, 2023.

36. Defendant's discriminatory actions against Plaintiff violated Plaintiff's rights under the Age Discrimination in Employment Act of 1967, as amended, were intentional, and done with malice and reckless disregard for Plaintiff's rights as guaranteed under the laws of the United States.

37. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer emotional distress, mental anguish, monetary damages, and other damages.

**WHEREFORE,** Plaintiff prays that this Honorable Court will:

A. Enter a declaratory judgment, declaring Defendant's past practices herein complained of to be unlawful.

B. Order Defendant to institute and carry out policies, practices, and programs providing equal employment opportunities for Plaintiff and other employees and eradicating the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole the Plaintiff by providing other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices.

D. Order Defendant to make whole Plaintiff by providing compensation for past and future pecuniary and non-pecuniary losses resulting from the unlawful employment practices described above, including, but not limited to emotional pain, suffering, anxiety, loss of enjoyment of life, humiliation, and inconvenience, in amounts to be determined at trial.

E. Grant Plaintiff's reasonable attorney's fees and costs the Court deems necessary and proper.

F. Grant such further relief as the Court deems necessary and proper.

## DEMAND FOR JURY TRIAL
The Plaintiff demands trial by jury.

Respectfully submitted,

*/s/ Jon-Kaden Mullen*
D. Jeremy Schatz
Jon-Kaden Mullen
*Attorneys for Plaintiff*

8

**OF COUNSEL:**
Virtus Law Group
2017 Morris Avenue, Ste 100
Birmingham, AL 35203
js@vlgal.com
jm@vlgal.com


### Please Serve Defendants By Certified Mail As Follows:

Mark Moon, in his official capacity as Sheriff of Blount County, Alabama
c/o Alabama Secretary of State
501 Washington Ave.
Montgomery, Alabama 36104