# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **DANA HATZIMICHAELS,** | } |
| **Plaintiff,** | } |
| v. | } Case No.: 2:24-cv-01760-RDP |
| **MARK MOON,** | } |
| **Defendant.** | } |

## MEMORANDUM OPINION AND ORDER

Before the court is the Motion for Partial Dismissal of the Third Amended Complaint (Doc. # 26) filed by Defendant Sheriff Mark Moon ("Defendant"). The Motion (Doc. # 26) is fully briefed. (Docs. # 26, 29, 30). For the reasons discussed below, the Motion (Doc. # 26) is due to be granted in part and denied in part.

**I.     Background**

Plaintiff Dana Hatzimichaels ("Plaintiff") contends she suffered sexual harassment and age discrimination and was constructively discharged when she worked at the Blount County Sheriff's Office as an officer and Training Lieutenant. (Doc. # 25 ¶¶ 10-11, 13, 16). According to her Third Amended Complaint, she began working with the Sheriff's Office in June 2018 and was promoted to a Training Lieutenant in February 2023. (*Id.* ¶¶ 10-11). Plaintiff is a female and during the relevant time frame she was over forty years old. (*Id.* ¶ 9).

While Plaintiff was working for Blount County, her captain and supervisor, Ron Adkins ("Adkins") allegedly "made numerous comments regarding Plaintiff's age and sex," including comments insulting to women (*e.g.*, referring to menstrual cycles). (*Id.* ¶¶ 12-13, 36). Plaintiff also alleges that when she asked Adkins for permission to attend a Strategic Self-Defense and

Gunfighting Tactics training course, Adkins refused and stated that Plaintiff could not go because her "body is too old" and she would only be able to complete the course "if [she] were thirty years younger." (*Id.* ¶¶ 31-32). Plaintiff contends a coworker who was fifteen years younger than her was allowed to participate in the training course, and Plaintiff was later approached by other coworkers who asked her if she was going to retire and if the younger individual would replace her. (*Id.* ¶¶ 33, 35).

Plaintiff also alleges that she was unsuccessful in her attempts to de-escalate difficult situations and that she "felt as if she was unable to report Adkins's behavior because Defendant was present [during] Adkins's actions." (*Id.* ¶¶ 14-15). She further alleges that Defendant failed to correct Adkins's behavior and that Defendant's actions "were intentional, and done with malice and reckless disregard for Plaintiff's rights." (*Id.* ¶¶ 38, 44, 46). Therefore, Plaintiff claims she "felt as if she could not continue working in the conditions that Adkins created" and quit her job on or about September 16, 2023. (*Id.* ¶ 17).

Plaintiff has asserted three legal claims against Defendant: Title VII Hostile Work Environment – Sexual Harassment (Count I) (*id.* ¶¶ 18-28), Alabama Age Discrimination in Employment Act – Age Discrimination (Count II) (*id.* ¶¶ 29-39), and Alabama Age Discrimination in Employment Act – Constructive Discharge (Count III) (*id.* ¶¶ 40-47). As to Counts II and III, Plaintiff asks for a declaratory judgment that Defendant's past practices were unlawful, an injunction ordering Defendant to institute policies providing equal employment opportunities, other relief necessary to "make Plaintiff whole," and money damages. (*Id.* ¶¶ 39, 47).

**II.     Analysis**

Defendant has moved to dismiss Counts II and III as they relate to claims for money damages or retrospective relief in the form of a declaratory judgment. He contends that sheriffs

are entitled to absolute immunity as officers of the State, and that this official capacity action is another way of pleading an action against the State. (Doc. # 26 at 1-2 (citing Ala. Const. art. V, § 112; *id.* art. I, § 14)). Defendant characterizes Plaintiff's requested relief of a declaratory judgment and money damages as prohibited retrospective relief. (*Id.* at 2-3). Plaintiff responds that the requested relief of a declaratory judgment and money damages are not retrospective, and that, in any event, an exception to absolute state immunity applies because she seeks a declaratory judgment and Defendant acted in bad faith. (Doc. # 29 at 1-2). Defendant's reply contends that the money damages and declaratory relief are retrospective because Plaintiff seeks to condemn past conduct and that the bad faith exception only operates to enjoin the State – not to permit a declaratory judgment or money damages. (Doc. # 30 at 1-2).

Alabama sheriffs represent the State of Alabama and an official capacity suit against an Alabama sheriff is therefore against the State. Ala. Const. art. V, § 112 ("The executive department shall consist of . . . a sheriff for each county."); *McMillian v. Monroe Cnty., Ala.*, 520 U.S. 781, 787 (1997) ("sheriffs represent the State [of Alabama], at least for some purposes"); *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits, in contrast, 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)). The Alabama Constitution states that "the State of Alabama shall never be made a defendant in any court of law or equity." Ala. Const. art. I, § 14.

However, the Supreme Court of Alabama has recognized several exceptions to § 14 immunity:

> (1) actions brought to compel State officials to perform their legal duties; (2) actions brought to enjoin State officials from enforcing an unconstitutional law; (3) actions to compel State officials to perform ministerial acts; [] (4) actions brought under the Declaratory Judgments Act . . . seeking construction of a statute and its

3

application in a given situation. . . . and (6) actions for injunction or damages brought against State officials in their representative capacity and individually where it was alleged that they had acted fraudulently, in bad faith, beyond their authority or in a mistaken interpretation of law.

*Drummond Co. v. Ala. Dep't of Transp.*, 937 So. 2d 56, 58 (Ala. 2006) (quoting *Ex parte Carter*, 395 So. 2d 65, 68 (Ala. 1980)). The relevant exceptions recognized by the *Drummond* court relate to actions under the Declaratory Judgments Act and bad faith. The court addresses each of those categories below.

The Declaratory Judgments Act exception applies to actions "seeking construction of a statute and its application in a given situation." *Drummond*, 937 So. 2d at 58 (quoting *Carter*, 395 So. 2d at 68). The claims in Counts II and III of Plaintiff's complaint are asserted under the Alabama Age Discrimination in Employment Act, and seek "a declaratory judgment, declaring Defendant['s] past practice[s] herein complained [of] to be unlawful." (Doc. # 25 ¶¶ 39, 47). The Declaratory Judgments Act, Ala. Code § 6-6-220, provides that courts "shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed." A different section of this Act states that "[t]his article . . . is to be liberally construed and administered." Ala. Code § 6-6-221. The court concludes that, for purposes of Defendant's Motion to Dismiss, Plaintiff's requested declaratory relief falls under this exception because Plaintiff seeks construction of the Alabama Age Discrimination in Employment Act and its application in a given situation. Therefore, Plaintiff may seek a declaratory judgment against Defendant in his official capacity under Counts II and III.

Turning to the bad faith exception, even if it applied here, the carveout only permits injunctive relief, not monetary relief. *See Parker v. Amerson*, 519 So. 2d 442, 443 (Ala. 1987). In *Parker*, the Alabama Supreme Court specified that this exception only operated "to *enjoin* [a sheriff] from acting in bad faith." *Id.* (emphasis added). The Supreme Court of Alabama's

4

interpretation of the Alabama Constitution is controlling on this court. Therefore, to the extent that Plaintiff maintains that Defendant acted in bad faith (by alleging that Defendant's actions "were intentional and done with malice and reckless disregard for Plaintiff's rights"), this exception would only permit Plaintiff to seek injunctive relief. (*See* Doc. # 25 ¶¶ 38, 44, 46). Defendant has not moved to dismiss Counts II and III to the extent that they seek injunctive relief. However, his motion seeking dismissal of any money damages claim is due to be granted.

### III. Conclusion

For the reasons discussed above, Defendant's Motion for Partial Dismissal of the Third Amended Complaint (Doc. # 26) is **GRANTED IN PART AND DENIED IN PART**. The Motion is **GRANTED** to the extent Plaintiff seeks money damages under Counts II and III. The Motion is otherwise **DENIED**. Plaintiff's monetary damages claims under Counts II and III of the Third Amended Complaint are **DISMISSED**.

**DONE** and **ORDERED** this August 11, 2025.

_____
**R. DAVID PROCTOR**
CHIEF U.S. DISTRICT JUDGE